### IN THE UNITED STATE DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| **M S INTERNATIONAL, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 23-CV-88** |
| **EDCO EXPRESS LOGISTICS, LLC,** | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff M S International, Inc. (Plaintiff), a national supplier of building materials, needed storage space to house its imported building materials coming in through Mexico. In 2022, Plaintiff found Defendant EDCO Express Logistics, LLC (Defendant)—a Laredo-area logistics company that markets storage space for imported goods. The parties thereafter entered into a contract by which Defendant would charge specific storage costs if any product remained in its warehouse past 30 days. However, months later, Plaintiff learned that Defendant was billing at rates exponentially higher than what Defendant had represented (and agreed to) during the parties' negotiations. By the time Plaintiff recognized the problem, Defendant had already charged hundreds of thousands of dollars more than what Defendant represented it would charge—collecting roughly $1.7 million more than Plaintiff understood it would have to pay. Plaintiff sought to remedy the problem by notifying Defendant of the breach, but Defendant has simply ignored the problem. Left without any other recourse, Plaintiff now files this lawsuit to recover Defendant's ill-gotten gains.

### A. PARTIES

1. Plaintiff M S International, Inc., is a corporation organized under the laws of the State of Indiana, with its principal office in California. Plaintiff can be contacted through the undersigned.

2. Defendant EDCO Express Logistics, LLC is a limited liability company organized under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, Antonio Covarrubia, at 4202 Trade Center Blvd., Laredo, Texas, 78045, or anywhere Mr. Covarrubia may be found.

## B. JURISDICTION

3. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

4. Venue is proper in this district under 28 U.S.C. 1391(b)(1) because Defendant resides in this district; venue is also proper in this district under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## D. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## E. FACTS

6. Plaintiff opened its doors in the 1970s as a building materials supplier, and secured its first major contract in 1981—a contract to supply the black granite used to build the Vietnam Veterans Memorial in Washington, D.C.

7. Since that successful contract, Plaintiff has continued to expand and grow. Plaintiff now distributes and manufactures products—including imported stone materials, domestic quartz, and high-quality Luxury Vinyl Tile.

8. That growth has required Plaintiff to rely on not only international suppliers, but also domestic logistics companies who store Plaintiff's merchandise upon import into the United States.

9. Defendant is one of those logistics companies. Defendant provides logistics support for international importers—including storage facilities for importers to store their goods as they cross into the United States from Mexico.

10. Plaintiff contracted with Defendant to store imported merchandise coming into the United States from Mexico. Defendant and Plaintiff agreed that Plaintiff would pay $150.00 per container of merchandise shipped to Defendant's facilities, which also covered the cost of storing the pallets of shipped merchandise for thirty days. The parties agreed that if any goods remained after that 30-day period, the Defendant would then charge $4.00 *per month* for each pallet of Plaintiff's merchandise that Defendant warehoused.

11. Plaintiff accepted the terms, signed an agreement with Defendant, and directed delivery of its merchandise to Defendant's storage facilities in Laredo, Texas.

12. Defendant, however, did not live up to the terms of the agreement (and never intended to), and quickly began overbilling Plaintiff to the tune of hundreds of thousands of dollars.

13. Rather than charging $4.00 per month as agreed, Defendant began issuing invoices to Plaintiff that charged $4.00 *per day* for each pallet. The following excerpt from one of Defendant's invoices tells the tale:

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Sales**<br>STORAGE VTR 715<br>5/31/23 A 6/30/23 | 30 | 96.00 | 2,880.00 |
| **Sales**<br>STORAGE VTR 728<br>6/6/23 A 7/6/23 | 30 | 96.00 | 2,880.00 |

14. In each of the above, over a one-month period, MSI was charged $96.00 ($4.00 X 24 pallets) for 30 days.  However, MSI should have been charged $4.00 *per month* for each pallet.

15. The invoice for VTR 715 and 728 should have reflected a charge of $192.00 total—the monthly rate charged for each pallet.  Instead, EDCO invoiced for $5,760.00—resulting in overpayments of $5,568.00 for just those two pallets.

16. Unfortunately, this problem is not isolated to two invoices, and speaks to the breadth of Defendant's deception.

17. By the time Plaintiff identified the problem, Plaintiff had already paid 75 invoices that reflected the same problem—and the same over-billing.  While Plaintiff should have paid no more than $60,228.00 for Defendant's services, Defendant has invoiced (and received) $1,727,016.00.

18. Plaintiff notified Defendant of the problems by letter on August 3, 2023, but Defendant did not respond to the request that Defendant return Plaintiff's money.

19. Because Defendant has engaged in deceptive over-billing and refused to return, or worse, simply engaged in a bait and switch with Plaintiff, Plaintiff now brings this suit to recover funds from Defendant that Defendant, in good conscience, should not be permitted to keep.

## F.  COUNTS

### COUNT 1 – BREACH OF CONTRACT

20. The foregoing paragraphs are incorporated by reference for this claim.

21. Plaintiff and Defendant had a valid and enforceable contract in which Plaintiff would pay $150 per container of merchandise shipped to Defendant's facilities, which also covered the cost of storing the pallets of shipped merchandise for thirty days and, if any goods

remained after that period, that Defendant would charge $4.00 per month for each pallet of Plaintiff's merchandise that Defendant warehoused.

22. In reliance on the agreement, Plaintiff directed delivery of its merchandise to Defendant's storage facilities in Laredo, Texas.

23. Defendant, however, breached the agreement when it charged $4.00 per day for each pallet after the 30-day initial period.

24. Based on Defendant's actions, Plaintiff incorrectly paid over $1.7 million more than the amounts agreed in the contract and was damaged by such amount.

25. Plaintiff has had to retain the undersigned attorneys based on Defendant's actions. Plaintiff has presented its claim.

## COUNT 2 – VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

26. The foregoing paragraphs are incorporated by reference for this claim.

27. Plaintiff is a consumer under the Texas Deceptive Trade Practices Act (DTPA) because Plaintiff is a corporation that sought and contracted for storage services from Defendant.

28. Defendant is a limited liability company that can be sued under the DTPA.

29. Defendant violated the DTPA when Defendant made false oral and written representations about the cost of Defendant's services.

30. While Defendant initially represented that it would charge $4.00 *per month*, Defendant ultimately issued invoices to Plaintiff (which Plaintiff paid) that charged $4.00 *per day*.

31. Through its representations and actions, Defendant represented that work or services had been performed on goods when the work or services were not performed. In addition, Defendant committed an unconscionable action or course of action when it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

5

**32.** Plaintiff relied upon Defendant's oral and written representations to its detriment.

**33.** Plaintiff gave Defendant notice as required by the Texas Business & Commerce Code § 17.505(a).

**34.** Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

**35.** <u>Additional damages.</u>  Defendant acted knowingly, which entitles Plaintiff to recover treble economic damages under Texas Business & Commerce Code § 17.50(b)(1).

**36.** <u>Additional damages.</u>  Defendant acted intentionally, which entitles Plaintiff to recover treble economic damages under Texas Business & Commerce Code § 17.50(b)(1).

**37.** <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code § 17.50(d).

## COUNT 3 – FRAUD/FRAUD IN THE INDUCEMENT

**38.** The foregoing paragraphs are incorporated by reference for this claim.

**39.** In the alternative to other counts, Plaintiff sues Defendant for fraud/fraud in the inducement.

**40.** Defendant initially represented that it would charge $4.00 *per month*, Defendant ultimately issued invoices to Plaintiff (which Plaintiff paid) that charged $4.00 *per day*.

**41.** Defendant falsely represented the price of the services it would provide—a representation that was material to the agreement between the parties.

**42.** In the alternative, Defendant misrepresented what Plaintiff owed by delivering invoices containing charges far more than the costs Defendant represented it would charge Plaintiff.

**43.** Based upon information and belief, Defendant knew that its representation was false when it was made.

44. Based upon information and belief, Defendant intended that Plaintiff act on the representation.

45. Plaintiff did rely on Defendant's representations—ultimately agreeing to purchase Defendant's storage services.

46. Plaintiff's reliance was detrimental—costing Plaintiff hundreds of thousands of dollars more than the price Defendant represented it would charge.

47. Plaintiff seeks unliquidated damages resulting from Defendant's knowing participation in fraud/fraud in the inducement.

48. Plaintiff seeks unliquidated and exemplary damages under Texas Civil Practice & Remedies Code § 41.003 resulting from Defendant's fraud, as well as disgorgement of all ill-gotten payments that Defendant received from Plaintiff during its fraud.

## COUNT 4 –MONEY HAD AND RECEIVED/UNJUST ENRICHMENT

49. The foregoing paragraphs are incorporated by reference for this claim.

50. In the alternative to other counts, Plaintiff sues Defendant for money had and received.

51. Defendant received significant overpayments (to the tune of nearly $1.7 million) based on invoices that misstated the parties' agreement on the cost of Defendant's storage services.

52. Defendant has refused to return those funds.

53. Defendant has been unjustly enriched by those overpayments, and the amounts paid to Defendant that exceeded the $4.00 *per month* price belong to Plaintiff in equity and good conscience.

## 54. ATTORNEY'S FEES & COSTS

55. Plaintiff is entitled to an award of attorney's fees and costs under Texas Business & Commerce Code § 17.50(d) on its claims under the Texas Deceptive Trade Practices Act.

Additionally Plaintiff is entitled to an award of attorney's fees under Texas Civil Practice & Remedies Code § 38.001 on its claim for breach of contract.

## 56. PLAINTIFF'S DEMAND FOR JURY TRIAL

57. Plaintiff asserts its rights under the Seventh Amendment to the U.S. Constitution and Art. 1, § 15 of the Texas Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## 58. PRAYER

59. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a.  Actual damages;

    b.  Exemplary damages;

    c.  Treble damages;

    d.  Prejudgment and postjudgment interest;

    e.  Reasonable and necessary attorneys' fees;

    f.  Equitable relief in the form of disgorgement;

    g.  Costs of suit; and

    h.  All other relief in law or equity to which Plaintiff may be entitled.

Respectfully Submitted,

**TERRAZAS PLLC**
1001 S. Capital of Texas Highway
Building L, Suite 250
Austin, Texas 78746
512-680-3257

By: */s/ Kevin J. Terrazas*
      Kevin J. Terrazas
      State Bar No. 24060708
      kterrazas@terrazaspllc.com
      Eric A. Hudson
      State Bar No. 24059977
      ehudson@terrazaspllc.com

**ATTORNEYS FOR PLAINTIFF**